UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER ALMARIE WILLIAMS,

                      Petitioner,

    -vs-

WILLIAM P. BARR, Attorney General of
the United States Department of
Justice; DEPARTMENT OF JUSTICE;
DEPARTMENT OF HOMELAND SECURITY;
COMMISSIONER BUREAU OF CITIZENSHIP
AND IMMIGRATION SERVICE; FIELD OFFICE
DIRECTOR, DHS; BCIS, BUFFALO, NY,

                      Respondents.

**No. 6:19-cv-06733-MAT**
**DECISION AND ORDER**

## I. Introduction

Represented by counsel, Jennifer Almarie Williams ("Williams" or "Petitioner") commenced this habeas proceeding pursuant to 28 U.S.C. § 2241 ("§ 2241") against the named Respondents (hereinafter, "the Government") challenging his continued detention in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). For the reasons discussed below, the request for a writ of habeas corpus is denied and the petition is dismissed without prejudice.

## II. Factual Background and Procedural History

Williams, a citizen of Jamaica and a lawful permanent resident of the United States, has resided in Rochester, New York since April 1980.

On April 18, 1991, Williams was convicted of Criminal Sale of a Controlled Substance in the Second Degree (N.Y. Penal Law

§ 220.41) in Monroe County Court, New York State. An indeterminate sentence of three years to life in prison was imposed.

On November 9, 2018, Williams filed a Form N-400, Application for Naturalization, with the United States Citizenship and Immigration Services ("USCIS"). DHS interviewed Williams on February 20, 2019, in connection with her application. On March 8, 2019, USCIS denied Williams's application on the basis that her conviction for an aggravated felony permanently barred her from establishing good moral character, a required component for naturalization under the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1101 et seq. Williams filed an administrative appeal on April 11, 2019. On July 8, 2019, the denial of her N-400 was affirmed.

Williams filed the instant petition on October 4, 2019, seeking de novo review of USCIS's denial of her naturalization application.

In lieu of an answer, Government filed a motion to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6). Williams filed opposition papers, and the Government filed a reply.

**III. Standard Under Fed. R. Civ. P. 12(b)(6)**

**IV. Discussion**

    **A. District Court Review of Denials of Naturalization Applications**

Pursuant to INA § 310(c), 8 U.S.C. § 1421(c), a person whose application for naturalization has been denied by USCIS, and then upheld on administrative appeal, "may seek review of such denial

-2-

before the United States District Court for the district in which such person resides." 8 U.S.C. § 1421(c). Section 1421(c) further provides that "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c). "The Federal Rules of Civil Procedure 'are applicable to proceedings for admission to citizenship . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States . . . and has heretofore conformed to the practice in civil actions.'" Chan v. Gantner, 464 F.3d 289, 295 (2d Cir. 2006) (quoting Fed. R. Civ. P. 81(a)(2); ellipses in original). "[B]ecause the review of naturalization proceedings is subject to the Federal Rules of Civil Procedure, a court need not conduct an evidentiary hearing where, as here, there are no disputed issues of material fact." Del Orbe v. Holder, No. 12 CIV. 1057 PAE, 2012 WL 3826182, at *2 (S.D.N.Y. Aug. 27, 2012) (citing Chan, 464 F.3d at 295-96 (rejecting alien's interpretation of Section 1421(c) as precluding summary judgment motions as "absurd"; holding that "district court properly entered summary judgment to dispose of the case" "[b]ecause there was no genuine issue of material fact"); other citations omitted).

**B.   Petitioner Is Categorically Ineligible for Naturalization**

The INA provides in relevant part that

> [n]o person . . . shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five

-3-

>    years and during the five years immediately preceding the
>    date of filing his application has been physically
>    present therein for periods totaling at least half of
>    that time[,] and who has resided within the State or
>    within the district of the Service in the United States
>    in which the applicant filed the application for at least
>    three months, (2) has resided continuously within the
>    United States from the date of the application up to the
>    time of admission to citizenship, and (3) during all the
>    periods referred to in this subsection has been and still
>    is a person of good moral character.

8 U.S.C. § 1427(a).

"An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character." 8 C.F.R. § 316.10(a). The INA does not provide a definition of good moral character, instead specifying conditions that are sufficient to establish the absence of good character. See 8 U.S.C. § 1101(f) ("No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was—[inter alia,] . . . (7) one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period; [or] (8) one who at any time has been convicted of an aggravated felony (as defined in [8 U.S.C. § 1101](a)(43)). . . ."). The aggravated felony exclusion was introduced by a 1990 amendment to the immigration laws. USCIS has interpreted the exclusion as applicable only to convictions entered after the statute's effective date of November 29, 1990. E.g.,

-4-

8 C.F.R. § 316.10(b)(1)(ii); Puello v. USCIS, 511 F.3d 324, 328 (2d Cir. 2007).

Here, Williams does not dispute that her 1991 conviction second-degree criminal sale of a controlled substance in violation of N.Y. Penal Law § 220.41 is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43). Instead, she argues that "8 U.S.C. [§] 1427 and 8 C.F.R. [§] 316.2 do[ ] not specify that [a] conviction beyond [the] statutory period is [an] absolute bar to citizenship," and thus the Government need not consider her 1991 aggravated felony conviction in connection with her naturalization application. Petitioner's Opposition at 2. This argument ignores the clear statutory language in 8 U.S.C. § 1101(f)(8) which references the alien having been "convicted at any time." Moreover, Second Circuit precedent holds that even if an alien was convicted of an aggravated felony more than five years before filing his or her naturalization application, the applicant nevertheless "was convicted," 8 U.S.C. § 1101(f), of such a felony, and is ineligible for naturalization as "one who at any time has been convicted of an aggravated felony." Chan, 464 F.3d at 293-94 ("'[D]uring the period for which good moral character is required,'—i.e. 'the five years immediately preceding the date of filing his application,' [8 U.S.C.] § 1427(a)—Chan remained 'one who at any time has been convicted of an aggravated felony.'") (citing Boatswain v. Gonzales, 414 F.3d 413, 418 (2d Cir. 2005)).

According to the Second Circuit, 8 U.S.C. § 1101(f) is applicable regardless of the age of the aggravated felony

conviction. See id. Thus, "[a]lthough [Williams] committed h[er] aggravated felony more than five years in the past, [s]he remains one who has committed an aggravated felony, and therefore, [s]he may not receive naturalization." Chan, 464 F.3d at 294 (citing 8 U.S.C. § 1101(f)); see also Del Orbe, 2012 WL 3826182, at *3 & n.3 ("It is, therefore, legally irrelevant that Del Orbe's [aggravated felony] conviction occurred nearly a decade before he filed for naturalization.").

**C. Petitioner's INA § 212(c) Waiver Has No Effect on Naturalization Eligibility**

Williams also relies on the fact that she has obtained a waiver of removal so that she may remain in the United States as a lawful permanent resident. Williams notes that on April 16, 2018, "Hon. Walter H. Ruehle, Immigration Judge, U.S. Department of Justice, Executive Office of Immigration Review, Buffalo, NY, after conduct[ing] hearing on Good Moral Character, recording testimony of witnesses, testimony of Plaintiff, examining records from parole officer, and conduct of Plaintiff from April 1991 till the date of hearing, adjudged that Plaintiff is rehabilitated, bears good moral character and therefore, granted her waiver from Removal from United States." Petitioner's Opposition (ECF #7), p. 2 of 3.

This argument is foreclosed by Second Circuit precedent. See Ljutica v. Holder, 588 F.3d 119, 127 (2d Cir. 2009) (citing Chan, 464 F.3d at 295). In Ljutica, the alien argued that his good moral character was determined by his receipt of a waiver of deportation under INA § 212(c), 8 U.S.C. § 1182)(c) (repealed 1996). The

Second Circuit that this contention "fails" because, as it observed in Chan, "'a finding of "good moral character[ ]" was not a statutory prerequisite or necessarily a consideration for relief under section 212(c).'" Ljutica, 588 F.3d at 127 (quoting Chan, 464 F.3d at 295; brackets in original). "'Good moral character' is a defined term under the INA, see 8 U.S.C. § 1101(f), and invoked in other sections, but not in § 212(c)." Id. While it is true that "one of the factors identified by the BIA to guide the Attorney General's discretion in granting § 212(c) waivers is 'other evidence attesting to a respondent's good character (e.g., affidavits from family, friends, and responsible community representatives)[.]'" Id. (quoting Matter of Marin, 16 I. & N. Dec. 581, 585 (B.I.A. 1978)), the fact remained that "'good moral character' under § 1101(f) is defined differently from 'good character' in reference to a § 212(c) waiver." Id. Thus, the Second Circuit concluded, Ljutica's conviction of attempted bank fraud "was not inconsistent with a finding of 'good character' for purposes of his § 212(c) waiver." Id. at 127-28. However, "[b]y virtue of § 1101(f)(8) and [and the statutory provisions defining his convictions as aggravated felonies], . . . the conviction did preclude a finding of 'good moral character' for purposes of his application for citizenship." Id. at 128.

Even if a finding of "good character" was implicit in the IJ's 2018 decision granting Williams a § 212(c) waiver, it cannot negate or override the aggravated felony exception set forth in § 1101(f)(8), which precludes Williams from establishing "good

-7-

moral character" because, as she concedes, she has accrued an aggravated felony conviction. See Ljutica, 588 F.3d at 127-28.

**V. Conclusion**

For the foregoing reasons, the Government's motion to dismiss is granted, and the petition is dismissed for failure to state a claim on which relief may be granted. The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   January 29, 2020
         Rochester, New York.